UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------X

Anthony Hernandez,

               *Petitioner*,

    -against-

Dale Artus,

               *Respondent*.

--------------------------------------X

**MEMORANDUM AND ORDER**

09-CV-05694 (KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

    Presently before the Court is *pro se* Petitioner Anthony Hernandez's ("Petitioner") motion under Federal Rule of Civil Procedure 60(b)(6) for reconsideration of the Court's denial of his Petition for Writ of Habeas Corpus.[1] (*See* ECF No. 46, Motion for Reconsideration ("Mot.").) Petitioner asserts that this Court should reopen his habeas petition because the underlying state court proceeding "feature[d] several substantial errors of law." (Mot. at 11.) As Petitioner challenges his underlying conviction, rather than the integrity of the habeas proceeding, his motion for reconsideration is **denied** as beyond the scope of Rule 60(b).

---

[1] In the caption to this case, "Andrew M. Cuomo, Attorney General of the State of New York," is listed as a second respondent. In Petitioner's original form petition, the name "Andrew M. Cuomo" is written in a box titled "Attorney General of the State of New York," but no documents in the action refer to Cuomo as a party, nor do any of Petitioner's arguments refer to Cuomo. Accordingly, any claims against "Andrew M. Cuomo" are dismissed, and the Clerk of Court is respectfully requested to terminate Cuomo as a party.

In *Harris v. United States*, the Second Circuit held that "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." 367 F.3d 74, 77 (2d Cir. 2004) (citing *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir. 2001)). "A Rule 60(b) motion attacks the integrity of a habeas proceeding if it does not 'assert, or reassert, claims of error in the movant's state conviction.'" *Hamilton v. Lee*, 188 F. Supp. 3d 221, 239 (E.D.N.Y. 2016) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005)). "A motion challenges 'the integrity of the federal habeas proceedings'—and is thus properly brought under Rule 60(b)—when, for example, it asserts that 'a court erroneously avoided deciding the merits of a claim for reasons such as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Lin v. Lamanna*, No. 18-cv-5005(AMD), 2022 WL 3647566, at *2 (E.D.N.Y. Aug. 24, 2022) (quoting *Robles v. Lempke*, No. 09-cv-2636(AMD), 2018 WL 1320657, at *4 (E.D.N.Y. Mar. 14, 2018)).

In his motion for reconsideration, Petitioner advances two grounds for habeas relief. First, Petitioner contends that "allowing a medical examiner who did not conduct the autopsy to testify at trial" violated his Sixth and Fourteenth Amendment

rights.[2]  (Mot. at 6, 15, 27.)  Petitioner requests an evidentiary hearing for this Court to review his assertions regarding the medical testimony.  (*See* Mot. at 24.)  Second, Petitioner raises an ineffective assistance of counsel claim, asserting that "trial counsel failed to object" to the introduction of the medical examiner's testimony and therefore failed "to cure or preserve[]" the alleged violation of Petitioner's rights.  (Mot. at 6.)

Petitioner acknowledges that motions to vacate under Rule 60(b)(6) are permissible only when the motions "[relate] to the integrity of the federal habeas proceeding, [and] not to the integrity of the state criminal trial."  (*See* Mot. at 15.)  The substance of Petitioner's arguments, however, relate to an alleged error affecting his underlying criminal conviction, rather than the integrity of the previous habeas proceeding.  Simply put, Petitioner's motion does nothing more than collaterally attack his underlying conviction.

Where a purported Rule 60(b) motion is actually "attack[ing] the underlying conviction," the district court has two options: it may treat the motion as either (1) "'a second or successive' habeas petition" and transfer it to the Court of Appeals for possible certification, or (2) "deny the portion of the motion attacking

---

[2] In support of this argument, Petitioner highlights the Second Circuit's recent decision in *Garlick v. Lee*, which found that "the state court's decision approving the admission of [an] autopsy report through a surrogate witness at trial was an unreasonable application of clearly established federal law under the AEDPA." 1 F.4th 122, 128 (2d Cir. 2021).

the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2004)). Because Petitioner's motion, though characterized as a motion to vacate this Court's final judgment under Rule 60(b), attacks his underlying state conviction, Petitioner's motion is denied as beyond the scope of a Rule 60(b) motion.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to serve a copy of this Order on *pro se* Petitioner and note service on the docket.


**SO ORDERED**

Dated:      July 27, 2023
            Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York